IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | 99-00072-CB |
| LOXLEY ROBERT FRANCIS, | ) | CIVIL ACTION NO. |
| | ) | 13-00509-CB |
| **Defendant** | ) | |

## ORDER

This matter is before the Court on a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 by Loxley Robert Francis, a person in federal custody. (Doc. 199.) Upon summary review, the Court finds that it is without jurisdiction because the motion is a second or successive motion filed without prior certification by the appellate court.

**Background**

Loxley Robert Francis was sentenced on January 24, 2000 to a mandatory term of life imprisonment. His conviction was affirmed on appeal. On June 13, 2002, Francis filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 96.) That motion was denied on the merits. (Doc. 118.) No appeal was taken.[1] On October 18, 2013, Francis filed a § 2255 motion asserting a single ground for relief based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). This Court denied that motion as a second or successive motion. Francis appealed, and on May 14, 2014 the Eleventh denied Francis's motion for certificate of

---

[1] Francis filed several subsequent unsuccessful post-judgment motions, including a motion for relief from judgment based on Fed. R. Civ. P. 60(b) and a motion for retroactive application of the sentencing guidelines.

appealability. (Doc. 198.) On or about June 18, 2014, Francis filed his most recent motion for relief under § 2255, relying upon a different Supreme Court decision, *Descamps v. United States* 133 S.Ct. 2276 (2013).

**Analysis**

The same reasons for denying Francis's 2013 motion are applicable here. (Order at 2-3, Doc. 190.) In order to file a second or successive motion, "a prisoner must obtain an order from the appropriate court of appeals authorizing the district court to consider such a motion." *In re Dean*, 341 F.3d 1247, 1248 (11th Cir. 2003). Petitioner has not obtained precertification from the appellate court to file a second or successive motion. Therefore, the motion is **DENIED**.

**Certificate of Appealability Denied**

Rule 11 of the Federal Rules Governing Section 2255 Proceedings requires that the district court issue or deny a certificate of appealability when entering a final order on a § 2255 motion. When a court denies a motion "on procedural grounds without reaching the merits of any constitutional claims, . . . a petitioner will be granted a certificate of appealability only if [he] makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong," *Id.* (internal citations and quotations omitted) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ). A "substantial showing means" that the issues—both substantive and procedural—are debatable among jurists of reason. *Id.* In this case, there is no need to consider the constitutional issue because no jurist of reason could find that this § 2255 motion

was *not* a second or successive petition.  Accordingly the certificate of appealability is **DENIED**.

> **DONE** and **ORDERED** this the 30th day of June, 2014.

> **s/***Charles R. Butler, Jr.*
> **Senior United States District Judge**