# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 99-00072-KD-C |
| | ) |
| LOXLEY ROBERT FRANCIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Loxley Robert Francis' Motion Pursuant to the First Step Act (docs. 216, 218),[1] Francis' brief in support of his motion (doc. 230), the United States response (doc. 233) and Francis' reply (doc. 234). Upon consideration and for the reasons set forth herein, the motion is **GRANTED** as detailed below.

A. Background

Loxley Robert Francis was indicted for conspiracy to possess with intent to distribute 1.5 kilograms or more of crack cocaine in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(l) (Count Six) (doc. 231-1, superseding indictment).[2]

At trial, the jury was instructed, in relevant part, as follows:

You will note that in Counts One through Four the indictment charges a specific amount of crack cocaine. The evidence received in this case need not prove the actual amount of the controlled substance that was the object of the conspiracy or the exact amount of the controlled substance alleged to have been involved in the transaction.

---

[1] The Clerk is directed to terminate Doc. 218 because the brief is a duplicate of Doc. 216.
[2] The jury was unable to reach a decision regarding the remaining counts against Francis and the Court declared a mistrial. However, the United States moved to dismiss and the motion was granted (doc. 231-5, Order on Jury Trial).

> What the Government must prove beyond a reasonable doubt is that a
> measurable amount of crack cocaine was the object of the conspiracy charged in
> Count One.

(Doc. 231-4).

The jury found Francis guilty of the offenses in Count One and Count Six[3] (doc. 231-5, Order on Jury Trial). The jury did not make any determination of the quantity of crack cocaine.

The United States filed one notice of enhancement for two prior drug felonies and one notice of enhancement for one prior drug felony (docs. 35, 53). Francis objected that the first enhancement was inadequate due to lack of specificity and that the second enhancement was untimely (doc. 231-6). At sentencing, the District Court acknowledged the objections and stated as follows:

> I do believe you objected to the enhancement but is that a moot issue at this point, because of the total offense points in the criminal history? In other words whether the government properly notified of the enhancement for the statutory minimum of ten years.
> [Counsel for Francis]: Judge, because of the amount, if Your Honor stayed with the amount of drugs it may be a moot issue because they have reached the threshold level that enhances him.
> The Court: Yeah, I think that is a moot issue.

(Doc. 231-7, sentencing transcript, p. 25-25). Accordingly, the Court made no finding regarding Francis' prior felony drug convictions for purposes of a statutory enhancement.

At that time, January 18, 2000, a conviction involving 50 grams or more of crack cocaine resulted in a mandatory sentence of ten years to life, twenty years to life if one prior drug felony conviction, and life if two or more prior drug felony convictions. 21 U.S.C. § 841(b)(1)(A) (2000). The penalties for convictions not provided for in § 841(b)(1)(A) or (B) (relative to 5 grams or more of crack cocaine) were addressed under 21 U.S.C. § 841(a)(1)(C). A conviction

---
[3] Francis' sentence with respect to Count Six is not at issue.

2

for a measurable amount of crack cocaine resulted in a sentence of not more than twenty years, if no prior drug felony convictions. With any prior drug felony convictions, not more than thirty years.

At sentencing, the District Court determined by a preponderance of the evidence that the conspiracy involved at least 1.5 kilograms of crack cocaine and held Francis accountable for that quantity pursuant to § 841(b)(1)(A) and under the Sentencing Guidelines (doc. 231-7, p. 10). The Defendants' objections to the relevant conduct regarding quantity were denied (Id.). With a total offense level of 43, and a criminal history category of III, Francis' Sentencing Guideline (which was mandatory at the time) was life for Count One (doc. 230, p. 3).[4] Francis was sentenced to life for the conspiracy (doc. 79).

On appeal, the Court of Appeals for the Eleventh Circuit found that it was plain error for the District Court to determine that the conspiracy involved 1.5 kilograms of crack for purposes of applying § 841(b)(1)(A), rather than submitting the question of quantity to the jury.[5] However, the Eleventh Circuit also determined that it was harmless error because "[g]iven the evidence at trial with respect to drug quantity, we conclude that no jury reasonably could have found that Francis was guilty of this conspiracy, without also finding that he conspired to possess with intent to distribute at least 50 grams of crack cocaine." (Doc. 95, p. 5-6).

In 2010, the Fair Sentencing Act was enacted and the quantities necessary to trigger the statutory mandatory sentences pursuant to 21 U.S.C. § 841(b)(1)(A) increased from 50 grams to

---

[4] The Court notes that an August 4, 2015 order of this Court indicated that Francis was sentenced based on two prior felony drug convictions. However, the sentencing transcript reflects otherwise.

[5] This ruling was pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."). The Apprendi decision was issued on June 26, 2000. Francis' sentence was imposed on January 18, 2000 (doc. 79, judgment; doc. 231-7, sentencing transcript).

3

280 grams, and pursuant to 21 U.S.C. § 841(b)(1)(B) increased from 5 grams to 28 grams. Now, pursuant to the First Step Act, the Fair Sentencing Act's revision of quantities applies retroactively to Francis.

    B. <u>Analysis</u>[6]

Francis moves for a reduction in sentence under § 404 of the First Step Act. Francis argues that because the jury was not instructed to find the quantity of crack cocaine by special verdict, their general verdict established only that the conspiracy involved a detectable amount of crack cocaine. Francis argues that if the Fair Sentencing Act was in effect at the time of his sentencing, "the jury's determination that the offense involved a detectable amount of cocaine base would provide for a statutory penalty range of zero to twenty years" pursuant to 21 U.S.C. § 841(b)(1)(C). Francis acknowledges that a prior felony drug conviction increases the penalty to thirty years, but argues that the enhancement does not apply because the District Court never ruled on the objections to the enhancements. Francis argues that the statutory maximum of twenty years would also be the guideline sentence.

The United States argues that Francis' motion should be denied because the facts recited by the Eleventh Circuit "suggest that Francis was responsible for far more than 280 grams of cocaine…." (Doc. 233, p. 5). In other words, the United States would ask this Court to violate <u>Apprendi</u> by finding unilaterally that the conspiracy involved more than 280 grams of crack cocaine. The Court declines to do so.

However, the Court also declines to ignore the Eleventh Circuit's ruling, as suggested by Francis.[7] The Eleventh Circuit determined that the evidence supported, beyond a reasonable

---

[6] The parties do not dispute that Francis' offense of conviction is a "covered offense" under Section 404 of the First Step Act.

[7] Moreover, the Court is not at liberty to address constitutional claims under the auspice of 18 U.S.C. § 3582. <u>See</u> <u>United States v. Bravo</u>, 203 F.3d 778, 781–82 (11th Cir. 2000) (holding that

doubt, at least 50 grams of crack cocaine. The Eleventh Circuit also stated that Francis had two prior convictions that enhanced his sentence (doc. 95, p. 5-6, Eleventh Circuit Opinion).[8]

It appears that Francis may be eligible for re-sentencing consideration under the First Step Act. The ability to modify a sentence pursuant to the First Step Act is found at 18 U.S.C.A. § 3582(c)(1)(B) which states: "The court may not modify a term of imprisonment once it has been imposed except that--…the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The First Step Act of 2018 provides that "a court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018).

Francis was sentenced to life **pursuant to the guidelines** (which were mandatory) because the Court found by a preponderance of the evidence that Francis was responsible for "way more than" 1.5 kilograms of crack cocaine. (doc. 231-7, p. 10, sentencing transcript) The Court's finding of 1.5 kilograms also subjected Francis to the penalties under 21 U.S.C. § 841(b)(1)(A), which (without enhancements) was ten years to life. In contrast, the Eleventh Circuit found that Francis was subject to a life sentence because Francis had two prior convictions and was responsible for at least 50 grams of crack cocaine. In other words, the

---

constitutional claims are "extraneous resentencing issues" that a court cannot address during a § 3582(c)(2) proceeding, and that a defendant is entitled to raise constitutional challenges to a sentence by making a collateral attack under 28 U.S.C. § 2255); United States v. Saintil, 536 F. App'x 902, 905 (11th Cir. 2013) ("Saintil's arguments on appeal that the district court abused its discretion by declining to appoint him appellate counsel and that failing to apply the reduced statutory minimums from the FSA violates the Equal Protection Clause are squarely foreclosed by our precedent.").

[8] The Court did not discuss any objections to the enhancement notices or the fact that the District Court did not make a finding regarding enhancements.

Eleventh Circuit found that the **statutory mandatory life penalty** was applicable to Francis.[9] Based on the Eleventh Circuit's finding that for statutory purposes Francis is responsible for at least 50 grams of crack cocaine, Francis' applicable penalty under the Fair Sentencing Act of 2010 is ten years to life, not mandatory life. 21 U.S.C. § 841(b)(1)(B).

The Fair Sentencing Act of 2010 also directed that the sentencing guidelines be amended to conform to the Act. As a result, the U.S. Sentencing Commission issued Amendments 750 and 759. Among other changes, these amendments reduced offense levels for certain quantities of crack to correspond to the Fair Sentencing Act. It appears to be the majority view among courts that have addressed the issue that upon resentencing the Court should incorporate all of the retroactive guideline amendments. See United States v. Clarke, No. 3:04-CR-00069-001, 2019 WL 1140239, at *3 (W.D. Va. Mar. 12, 2019) ("The Government asserts that 'the Court should not reexamine any guideline issues determined at sentencing other than those directly impacted by the First Step Act. It does make sense, however, to incorporate the retroactive guideline reductions to § 2D1.1 to avoid the need to address subsequent motions under those Amendments.'"); United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019) (applying the drug quantity guidelines in effect now); United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("The Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted."); United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("As recalculated, Davis is now a total offense level 33 and criminal history category II…."); United States v.

---

[9] The Eleventh Circuit did not address the fact that the District Court's sentence was based on the guidelines and not the statutory mandatory penalty of life.

Dodd, No. 3:03-CR-00018-3, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 9, 2019) ("Defendant's Sentencing Guidelines range has also changed.").

While the District Court was faulted under Apprendi for making a statutory finding of at least 50 grams of crack, the District Court's finding by a preponderance of the evidence that Francis was responsible for "way more" than 1.5 kilos of crack cocaine for purposes of determining the **guidelines** was on sound footing. The Court is not at liberty to disturb this finding as it relates to the guidelines. Accordingly, under the 2018 guidelines, Francis' base offense level is 32 and after adding 6 levels for specific offense characteristics as delineated in the original PSI, Francis' offense level is 38. With a criminal history category of III, Francis' modified guidelines are 292–365 months.

The Court next considers whether a reduction in sentence is warranted. His prior drug offenses are not violent and would most likely not qualify as prior drug offenses for enhancement purposes. Moreover, Francis has no violence indicated in his Presentence Investigation Report. His twenty-year prison record reveals only one violation, but also the completion of numerous educational courses and a drug treatment program. The Court finds that re-sentencing is warranted and reduces Francis' sentence to 292 months. The Court also finds that a departure from the guidelines is not warranted based on Francis' role in the offense, the quantity of crack cocaine involved, and his failure to accept responsibility.

**DONE** and **ORDERED** this 3rd day of May 2019.

        **/s/ Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **CHIEF UNITED STATES DISTRICT JUDGE**